Harold E. Harbin and Grace Harbin v. Commissioner.
Harbin v. Commissioner
Docket No. 66272.
United States Tax Court
T.C. Memo 1958-190; 1958 Tax Ct. Memo LEXIS 33; 17 T.C.M. (CCH) 950; T.C.M. (RIA) 58190; November 13, 1958
*33 J. B. Fisher, Esq., 709 Kanawha Valley Building, Charleston, W. Va., for the petitioners. Charles B. Norris, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion This proceeding involves deficiencies in income tax with additions to the tax as follows: Additions to the Tax
Income Tax
Sec. 294
Year
Deficiency
Sec. 293(a)
(d)(2)
1952
$64,353.78
$3,217.69
$4,080.90
1953
47,032.04
2,351.60
3,004.62
The issues presented are whether (1) the respondent properly increased the income from gambling during the taxable years 1952 and 1953; (2) petitioners are liable for additions to the tax pursuant to sections 293(a) and 294(d)(2) of the Internal Revenue Code of 1939; and (3) the assessment and collection of the income taxes for the year 1952 are barred. Findings of Fact Petitioners are husband and wife residing at Charleston, West Virginia. Their joint returns for the taxable years 1952 and 1953, were filed with the district director of internal revenue at Parkersburg, West Virginia. Grace Harbin is involved only because of the filing of a joint return and Harold B. Harbin will be hereinafter referred *34 to as petitioner. During the taxable years in question petitioner was the owner and operator of a restaurant and poolrooms in Charleston, West Virginia. During such years petitioner was engaged in the operation of a lottery known as the "numbers" business. Petitioner signed and filed Forms 11-C, Special Tax Return and Application for Registry - Wagering for the years 1952 and 1953. Petitioner filed wagering excise tax returns showing total wagers of $119,991.47 for 1952, and $97,772.76 for 1953. Petitioner paid an excise tax of $11,998.43 in 1952 and $9,774.28 in 1953. Petitioner maintained memorandum records of the amount of wagers received each day from which his monthly excise tax returns were prepared. Such records were destroyed within a few days after such returns were filed for protection purposes. Petitioner failed to maintain books and records from which it was possible to ascertain his income from gambling. Under the statutes of the State of West Virginia gambling is prohibited. On their joint income tax returns for the years 1952 and 1953, petitioners reported, among other items of income, as "gains from wagering" the amounts of $10,200 and $12,100, respectively. *35 In the deficiency notice the respondent increased the net income of the petitioners by the amount of $97,793.04 for the year 1952, and by the amount of $75,868.48 for the year 1953. The adjustment is explained in the statement accompanying the deficiency notice with respect to the year 1952 as follows: "(a) It is determined that your books and records fail to substantiate that the amount of income from wagering totaling $107,993.04 for the year 1952 is not the remainder of the gross amount of wagers after reduction for wagering tax and socalled 'hits' or 'payouts'. "Further, it is determined that such wages and commissions to writers, runners and pick-up men, protection payments and other expenses as were paid by you in the conduct of your wagering activities during the taxable year 1952 is not deductible under any provision of the Internal Revenue Code of 1939. Therefore, your taxable net income from wagering is $107,993.04 in lieu of the 'Gains from Wagering' in the amount of $10,200.00 reported on your return." A similar explanation is given with respect to the year 1953, except for the incorporation of the appropriate amounts. The deficiency notice was mailed on December 17, 1956. On *36 December 20, 1955, petitioners executed a waiver extending the period for the assessment of income taxes for the taxable year 1952 to December 31, 1956. Petitioner had gross income from the operation of his gambling business in the amount of $119,991.47 in the taxable year 1952, and in the amount of $97,742.76 in the taxable year 1953. Petitioner sustained net gambling losses and deductible expenses, exclusive of the excise taxes paid, as a result of his gambling activities in the taxable years 1952 and 1953, in the amounts of $87,594.37 and $67,442.50, respectively. The net taxable income of the petitioner from his gambling operations is the amount of $20,398.67 in the year 1952, and in the amount of $20,525.98 in the year 1953. Opinion LEMIRE, Judge: Petitioner is a registered professional gambler and during the taxable years operated an illegal lottery known as the "numbers" business. Petitioner also owned and operated a restaurant and poolrooms. In the joint income tax returns for the years in question, petitioner merely reported under the heading "Other income" certain amounts designated as "Gains from Wagering." No schedules showing how such gains were computed were *37 attached to the returns. In 1952 and 1953, petitioner filed the required monthly excise returns reporting the alleged gross income from the lottery business and paid the ten per cent excise tax thereon. In determining the deficiency for each of the taxable years involved, the Commissioner increased the amount of the reported gains from wagering by the difference between the reported amount and the gross income, less the excise tax paid, shown on the excise tax returns, explaining the adjustment was made for failure to substantiate the losses and deductible expenses of the lottery business. Petitioner contends that the determination of the respondent is arbitrary. We think the respondent used the conventional method of disallowing deductions from gross income for lack of substantiation. More likely, respondent also through that as a matter of law a gambler was not entitled to deduct such expense items as contrary to public policy. The burden is upon petitioner to establish his lawful deductions. The fact that by reason of his failure to keep and maintain proper records the burden is difficult to carry, is due to his own fault. The respondent, on brief, argues that by reason *38 of the lack of proper records there is no way of knowing what the true gross income of the lottery business was in fact. The respondent, as his starting point for determining the contested deficiencies, has accepted the gross income reported by the petitioner on his monthly excise tax returns. Furthermore, the respondent in his answer specifically admitted the allegations contained in the petition, that the gross receipts from the wagering business was the amount of $119,991.47 in 1952 and $97,742.76 in the year 1953. In this posture of the record, petitioner had no obligation to offer evidence with respect to the gross income from his lottery business. Due to the lack of books and records, petitioner was not able to furnish any specific figures as to the payouts or as to the legitimate expenses incurred. He testified that his payouts to winners averaged 45 per cent of the gross receipts, that the commissions paid to writers and runners was 30 per cent, his incidental expenses approximately six or seven per cent, and the net profit about eight per cent. He frankly admitted that these percentages were estimates and that they would vary. Petitioner as a witness impressed us as candid *39 and truthful. His estimates of percentages are not binding upon us. We think this record presents a case for the application of the rule laid down in Cohan v. Commissioner, 39 Fed. (2d) 540, and using our best judgment and bearing heavily upon the petitioner, we have found as a fact that he sustained deductible losses and expenses in the amount of $87,594.87 in the year 1952, and $67,442.50 in 1953. The issue as to whether the respondent properly imposed the five per cent addition to the tax provided by section 293(a) of the 1939 Code, in each of the taxable years, for negligence and intentional disregard of the rules and regulations, is determined in favor of the respondent, since petitioner did not keep and maintain books and records as required by statute. Pusser v. Commissioner, 206 Fed. (2d) 68, affirming a memorandum opinion of this Court [10 TCM 1140,]. With respect to the imposition of the six per cent addition to the tax under section 294(d)(2) for substantial understatement of estimated tax for each of the taxable years involved, the petitioner has offered no evidence. Therefore, the determination of the respondent is approved. *40 G. E. Fuller, 20 T.C. 308. Petitioner pleaded the statute of limitations as to the year 1952. The record shows that petitioners executed a timely waiver extending the time for the assessment of income tax for the year 1952 until December 31, 1956. Since the deficiency notice was mailed on December 17, 1956, the assessment and collection of the deficiency is not barred. Decision will be entered under Rule 50.